UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO B. SYKES, | ) | CASE NO. 5:20-cv-442 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Alonzo B. Sykes ("Sykes"),[1] a federal prisoner incarcerated at Lexington Federal Medical Center ("FMC"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting that the Court issue an order granting him 12 months of placement in a Residential Re-entry Center ("RRC") pursuant to the Second Chance Act, 18 U.S.C. § 3624(c).[2] (Doc. No. 1 ["Petition"] at 1.[3]) Sykes alleges that he satisfies all the criteria

---

[1] Sykes, was a defendant in a criminal case before the undersigned (NDOH Case No. 5:14-cr-7-2). He has filed a motion in that case for compassionate release. (NDOH Case No. 5:14-cr-7-2, Doc. No. 664.) That motion remains pending.

[2] The Second Chance Act provides in relevant part:

    **(c) Prerelease custody.** --
        **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

[3] All page numbers refer to page identification numbers generated by the Court's electronic docketing system.

for an RRC placement but, when "confronted with a copy of the statute and BOP [Bureau of Prison] directive, BOP Staff members have chosen to ignore the dictates of Congress to consider the nature of the [p]etitioner's offense, [p]etitioner's history, and pertinent characteristics." (*Id*.) He has appended to his filing documentation relating to the programming in which he has participated in prison (Doc. No. 1-1), as well as a copy of his disciplinary report and status report from the BOP's Residential Drug Abuse Program ("RDAP"). (Doc. No. 1-2.)

The Court construes Sykes' habeas petition as a motion for an order directing the BOP to impose RRC placement for the maximum amount of time allowed, or, alternatively, as a request for a judicial recommendation for RRC placement. For the reasons set forth below, to the extent that Sykes seeks an order directing RRC placement, the motion is denied for want of jurisdiction. Sykes' alternative motion for a judicial recommendation for RRC placement is granted.

## I. BACKGROUND

Sykes was one of twenty individuals charged in an expansive drug conspiracy. (NDOH Case No. 5:14-cr-7-2, Doc. No. 1 (Indictment).) On October 21, 2014, the Court sentenced Sykes to a term of imprisonment of 135 months, following his guilty plea to multiple drug and drug-related charges, including conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*Id*.; 10-21-2014 Minutes; Doc. No. 229 (Plea Agreement); Doc. No. 357 (Judgment).) According to the website of the Bureau of Prisons ("BOP"), Sykes' projected release date is September 24, 2022. *See* https://www.bop.gov/inmate/loc (last visited June 3, 2021).

Sykes brings his present petition under 28 U.S.C. § 2241. Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the

2

Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). "'[C]ourts have uniformly held that claims asserted by federal prisoners ... seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.'" *United States v. Ford*, 16 F. App'x 314, 316 (6th Cir. 2001) (quoting *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir. 1999) (collecting cases)). Because a habeas petition must be brought in the jurisdiction in which an inmate is housed, it is the Court's usual practice to either dismiss an improvidently filed petition without prejudice to refile in the appropriate jurisdiction, or to transfer the habeas action to the appropriate jurisdiction. But the Court concludes that, in this instance, transfer or dismissal without prejudice to the right to refile would be futile.

As previously observed, Sykes seeks an order requiring the BOP to grant him the maximum number of months in an RRC. But a district court is without authority to grant such relief. The BOP, pursuant to 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, may place an inmate in community confinement for no longer than twelve months at the end of his or his sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). While a court may make non-binding recommendations for placement in an RRC or home confinement, the BOP has the exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1–2 (W.D. Pa. Aug. 12, 2008).

The First Step Act modified § 3624 to further explain who was eligible for prerelease custody. Pub. L. No. 115-391, § 102. The First Step Act elaborates on the risk reassessment levels needed for a prisoner to be considered for prerelease custody. *Id.* It also details the types

of prerelease custody, which include home confinement and placement in an RRC. *Id.* But the First Step Act did not modify the requirement that the BOP, not the district court, make the decision to place a prisoner on home confinement or in an RRC. *See* 18 U.S.C. § 3624(b)(1) & (c)(1); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2006) (explaining that the BOP may consider placing a federal inmate in home confinement or an RRC). Further, the First Step Act did not alter the fact that the Second Chance Act does not guarantee RRC placement or home confinement, it only directs the Director of the BOP to consider it. *See Demis*, 558 F.3d at 514.

In short, no district court has the authority to order RRC placement. It is the BOP that must make the assessment and determine whether Sykes is eligible at the end of his sentence, not the Court. Sykes's motion under the First Step Act for an order directing the BOP to place him in an RRC, therefore, is denied for want of jurisdiction.

The BOP's decision whether and when to place a prisoner in an RRC at the end of his sentence is guided by five factors set forth in 18 U.S.C. § 3621(b). One of those factors is any statement from the sentencing court. § 3621(b)(4). Accordingly, the sentencing court is permitted, where appropriate, to make a non-binding recommendation to the BOP. Because a request for a judicial recommendation is properly directed to the undersigned, as the sentencing judge, it appropriate for this Court to address Sykes' alternative motion.[4]

---

[4] The Court generally refrains from making any type of recommendation for RRC placement or home confinement until the inmate is within 17 to 19 months of his projected release date because that is when the BOP typically considers such placements. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008). But in light of the COVID-19 pandemic, and given the fact that the BOP is actively considering inmates for such placement, the Court believes it makes sense to provide such a recommendation at this time. *See* www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (last visited 6-1-2020).

Given his apparent rehabilitation, as evidenced by his educational pursuits, the Court believes that Sykes may be a good candidate for early placement into an RRC at the end of his sentence. *See, e.g., United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *2–3 (N.D. Ohio Nov. 8, 2017) (recommending placement in a halfway house based on participation in prison programming and accumulation of good time credits). While the Court notes that Sykes committed a prison rules infraction by having an unauthorized cell phone in his possession, Sykes' BOP RDAP status report reflects that he has successfully addressed this infraction, as well as other abhorrent behavior, and has effectively worked toward modifying his behavior. That Sykes agreed to participate in the prison's RDAP, and has successfully worked his way through the program, speaks volumes as to his efforts to rehabilitate.

Accordingly, and for the foregoing reasons, the Court RECOMMENDS that the BOP place Sykes in an RRC for the longest period of time the BOP deems appropriate under its guidelines. The Clerk is instructed to file this memorandum opinion in the present case, NDOH Case No. 5:14-cr-7-2, serve a copy of this memorandum opinion on Mr. Sykes, the Warden of Lexington FMC and Mr. Sykes' case manager at that facility,[5] and close the present habeas action.

**IT IS SO ORDERED**.

Dated: June 19, 2020

                                                     **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[5] The Clerk is directed to note service on the docket.